**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-2171**

AMY LELAND JOHNSON,

          Plaintiff - Appellant,

    v.

ANDREW SAUL, Commissioner of Social Security,

          Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Michael F. Urbanski, Chief District Judge. (7:17-cv-00116-MFU-RSB)

Submitted: February 22, 2019          Decided: February 25, 2020

Before GREGORY, Chief Judge, and AGEE and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Amy Leland Johnson, Appellant Pro Se. Maija DiDomenico, Assistant Regional Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amy Leland Johnson appeals the district court's order adopting the magistrate judge's recommendation and upholding the Administrative Law Judge's (ALJ) denial of Johnson's application for disability insurance benefits.[*] "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

---

[*] Although the district court considered the merits of Johnson's objections to the magistrate judge's recommendation, it first determined that the objections were not sufficiently specific to warrant de novo review. We disagree and conclude that Johnson objected "with sufficient specificity so as reasonably to alert the district court of the true ground[s] for the objection[s]." *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 738 (2018).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Johnson's claim for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the district court's judgment upholding the denial of benefits. *See Johnson v. Berryhill*, No. 7:17-cv-00116-MFU-RSB (W.D. Va. Sept. 26, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3